United States District Court
For the District of Massachusetts

Marie M. Calixte, A 37 322 672
Petitioner

— Vs—

John Ashcroft, Attorney General
Tom Ridge, Secretary of Homeland Security
Bruce Chadbourne, Interim Field Office
Director of D'intention and Removal,
Boston Field Office,
Bureau of Immigration and Customs Enforcemen
Kathleen Dennehy, Acting Commissioner,
Massachusetts Department of Correction,
Respondents

04 10457 MLW
Referred to R. B. Collings

Petition for a Writ of Habeas Corpus

Petition For a Writ of Habeas Corpus Pursuan
to 28 U.S.C. § 2241

Petitioner, Marie M. Calixte, hereby petitions
this court for a writ of habeas corpus
to remedy her unlawful detention, and
to enjoin her continued detention by the
Respondents. In support of this petition
and complaint for injunctive relief,
petitioner alleges as follows:

## Parties

1. Petitioner Marie M. Caliste, was a lawful permanent resident of the United States on April 17, 1982 at age 15. Petitioner is a native and citizen of Haiti. Petitioner was ordered deported on March 20, 2003. Petitioner was brought into ICE custody March 15, 2002 through present. Petitioner graduated from Miami Edison High and started nursing school but did not complete it.

2. Respondent John D. Ashcroft is the Attorney General of the United States and is responsible for the administration of BICE and the implementation and enforcement of immigration laws. As such he is the ultimate legal custodian of petitioner.

3. Respondent Tom Ridge is the Secretary of Homeland Security and is responsible for the administration of BICE and the implementation and enforcement of the immigration laws. As such he has legal custody of petitioner.

4. Respondent Bruce Chadbourne is the Interim Field Office Director for Detention and Removal, Boston Field Office, Bureau of Immigration and Custom

Enforcement, Department of Homeland Security. As such, he is the local BICE official who has immediate custody of Petitioner.

5. Respondent Department of Homeland Security is the agency charged with implementing and enforcing the immigration laws.

6. Respondent Kathleen M. Dennehy is the Acting Commissioner, Massachusetts Department of Corrections. Because BICE contracts with State prison such as Bristol County House of Correction N. Dartmouth, Mass to house immigration detainees such as Petitioner, she has immediate custody of Petitioner.

## Custody

7. Petitioner is detained at the Bristol County House of Corrections, N. Dartmouth Mass. BICE has contracted with the Sheriffs' Office, Bristol County House of Corrections, N. Dartmouth, Mass to house immigration detainees such as Marie Calixte. Petitioner is under the direct control of respondents and their agents

## Jurisdiction

8. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et s. as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. no. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. This Court has jurisdiction under 28 U.S.C. § 2241, art. 1 § 9, cl 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the United States and such custody is in violation of the Constitution, laws, and treaties of the United States. See Zadvydas v. Davis 533 U.S. 678, 121 S.Ct 2491 (2001).

## Venue

9. Venue lies in the District of Massachusetts because Marie Calixte is detained at Bristol County Sheriff's Office, 400 Faunce Corner Rd, N. Dartmouth, Mass 02747 and it is also proper because Petitioner is in the custody of Bruce Chadbourne, Interim Field Office Director of this District, which encompasses Massachusetts where she is detained. 28 U.S.C. § 1391

5.

## Exhaustion of Remedies

10. Petitioner has exhausted her administrative remedies to the extent required by law, and her only remedy is by way of this judicial action. After the Supreme Court decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens ordered removed. See 8 C.F.R. § 241.4. Petitioner was ordered deported on March 20, 2003 and was taken into BICE custody May 15, 2002 through present. At her "90-day" custody review on 12-12-2003, BICE decided to continue her detention See EX 1. It was ordered that Petitioner be removed from the United States by 01-01-2004, or be released and the custody decision be transferred to Headquarters Post Order Unit (HQPDU), Washington DC. No action has been taken by Bruce Chadbourne the Interim Field Office Director in Boston.

11. No statutory exhaustion requirements apply to Petitioners' claim of unlawful detention.

## Statement of Facts

### Background

12. Petitioner, Marie M. Calixte was bor

in Haiti. Petitioner entered the United State on April 17, 1982, as an immigrant. Petitioner graduated from the Miami Edison High School and attended R.C.C. nursing College but did not complete. Worked at Au Bon Pain as a C.S. operator until her imprisonment. Petitioner's brothers and sisters are American citizens. Her mother recently suffered a stroke and is paralized. Petitioner mother is an LPR. Petitioner lived in Dorchester, Mass for 7 years and in Somerville, Mass for 5 year. Petitioner has 3 american citizen children and was married to a LPR husband.

Petitioner worked at Fernald State School as a Director Care for 8 years. Petitioner paid state and federal taxes.

13. In 1996 Petitioner was charged with 5 Counts A & B with a dangerous weapon, 4 Counts of threats. Petitioner pled guilty in middlesex county and was sentenced on June, 2001 for 14 months. Petitioner serve 16 months at MCI-Framingham, Mass. Petitioner has successfully completed her sentence.

On March 20, 2003, BICE ordered Petition Marie Calixte deportable as an "aggravate felony" crime and placed petitioners on final deportation status; She was ordered removed to Haiti by the immigration judge (IJ). Petitioner did not appeal the decision.

14. On May 15, 2002 after the completion of her 11 months prison time, BICE took custody of petitioner Marie Calixte to ~~away~~ await her deportation to Haiti. She has been in immigration detention with a final order over 2 years.

B. "90-Day" and six months Custody Revie

15. INS reviewed petitioners' Marie Calixte's detention status on 3 occasio the last being 12/18/03. after the 90-day removal period pursuant to Post-Order Custody Review procedures at 8 C.F.R. § 241.4. In a letter dated 12/12/03 BICE denied Marie Calixte th petitioner request for release stating that she was still a danger to society and a flight risk. The letter stated that if petitioner Calixte has not been released or removed from the United States by 01-01-2004, the jurisdiction of the custody decision in her case will

be transferred to the Headquarters Post
Order Unit (HQPDU), Washington DC.
for a final determination Regarding
her custody.

Though under Zadvydas, Petitioner Calixt
has the right to be free from indefinite
detention regardless of whether BICE
considers him a danger to the community
or a flight risk, Petitioner Calixte
Contests BICE's determination of dangerous
ness and flight risk. Petitioner has
attended all the rehabilitative classes,
and church programs, anger management
Women's choices classes that were
presented in the prisons where she
had (has) been incarcerated. Petitioner
is better able now to make more
responsible choices and a centering
on her faith in God, has really
transformed her into a new person.
(Program classes certificate enclosed)
Petitioner is looking forward to going
back home to care for her children
and her ailing mother.

Petitioner has received no word whether
BIce has transferred her case to Headquarter
Petitioner has cooperated in every way
with BICE to expedite her repatriation
to Haiti and release from custody,

Petitioner has communicated with several BICE representatives including Lou Makar, Bruce Chadbourne, to send her home to Haiti or release her (see copies enclosed). No response was received from any of these representative. BICE has offered no evidence to suggest that repatriation in petitioners' individual case is reasonably forseeable now.

Legal Framework For Relief Sought.

16. INA § 242, 8 USC § 1252 (1995). If an alien has not been deported within 6 months of a final order of deportation, the alien becomes eligible for release under supervision.

BICE's administrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the forseeable future. See 8 CFR § 241.4 (K)(2)(11)

Congress states that a criminal record cannot create a non-rebuttable presumption of dangerousness or flight risk.

17. Deportation violates petitioners' rights and the rights of her United States Citizens Children and sibblings. If

10

Never Gave Petitioner Miranda Warnings that the deportation was an unlawful de facto deportation of her United States children 85 L Ed 2d 458) 7 years continuous living in the United States

19. Petitioner was denied a bond hearing. The no bail provision of 1226(c) violates the Due Process Clause of the 5th Amendment.

1226 (c) is Unconstitutional as applied to LPR & 1231(a)(6) allows bail for alien against whom a final order of deportation has been entered. Over 90 days has elapsed since the order of entry. Petitioner has been in ICE Custody since March 15, 2002 through present

20. Petitioners' continued detention by the Respondents violates INA & 241(a)(6) as interpreted in Zadvydas. Petitioners' six-month presumptively reasonable period for continued removal efforts passed over 12 months ago.

21. Petitioners' continued detention violates her right to substantive due process by depriving her of her core liberty interest to be free from bodily restraint

22. Under the Due Process Clause of the United States Constitution, an alien is

entitled to a timely and meaningful
opportunity to demonstrate that she should
not be detained.

The Petitioner in this case has been
denied that opportunity as there is no
administrative mechanism in place for
the Petitioner to demand a decision,
ensure that a decision will ever be
made, or appeal a custody decision
that violates Zadvydas.

## Prayer For Relief

Wherefore, Petitioner prays that this Court
grant the following relief:

(1) Assume jurisdiction over this matter

(2) Grant Petitioner a Writ of habeas corpus
directing the Respondents to immediately
release the Petitioner from custody.

(3) Order Respondents to refrain from
transferring the Petitioner out of the
jurisdiction of the BICE Boston District
Director during the process of these
proceedings and while the Petitioner remain
in Respondents' custody; and

4 Grant any other and further relief
which the court deems just and
proper.

Respectfully submitted this 1st day
of March /2004.
Marie H. Calixte (Pro se)
Bristol County Sheriff's Office
400 Faunce Corner Rd.
N. Dartmouth Mass 02747
Dated 3/1/004.

Certificate of Service

I, Marie M. Caluxte, certify that a true copy of the above document (Petition for Writ of Habeas Corpus) together with attached documents, was served on March 2, 2004, upon the following:

Bruce Chadbourne, Interim Field Office Director, DHS/BICE: Detention + Removal Office JFK Federal Building, 17th floor 15 New Sudbury Street Boston, Mass 02203

Attorney General Ashcroft United States Department of Justice 950 Pennsylvania Avenue, NW Washington, DC 20530-0001

Secretary of Homeland Security, Tom Ridge U.S. Department of Homeland Security Washington, DC 20528

Kathleen M. Dennehy, Best Commissioner Department of Corrections, Central Headquarters 50 Maple Street Milford, Ma 01757 by placing a copy of the above in the mail system at the facility where I am detained.

United States District Court
for the District of Massachusetts

Marie M. Calixte, A 37 322 672,
                    Petitioner

-VS-

Bruce Chadbourne, Interim Field Officer
Director,
Bureau of Immigration and Customs
Enforcement, et al
                    Respondents

Motion for Leave to Proceed in forma
pauperis and to waive all fees and
For a stay from deportation.

Petitioner Calixte, prays the Court to
allow her to proceed in forma pauper
Petitioner has no source of income and
is indigent.
Petitioner begs the Court to waive all
fees.
Petitioner prays the Court to stay her
deportation until her writ of Habeas
Corpus is heard and finalized.
Respectfully submitted
    Marie M Calixte (pro se)
    400 Faunce Corner Rd.
    N. Dartmouth, Mass 02747    3/2/004

Lou Mahan
JFK Federal Building
15 Sudbury St
Boston ma, 02203
A 37322672

January 30, 2004

Dear Mrs. Mahan,
            my name is Marie Calixte.
Currently I am in custody at the
Bristal County Sheriffs office in
No. Dartmouth ma as a detainee for
I.N.S. I am a citizen of Haiti and
I am facing deportation as a
result of a 14 month sentence.
        I fought my case for 1yr on
march 20, 2003 I recieved my final
deportation and agried to get deported.
        I have served 11 months at
MCI Framingham byfore coming
to BCHOC. It has been 2 1/2 yrs
since I have been incarcerated.
What I am suking from you today
Mr. Mahan is my release. It
has been 9 months since my final
order of removal and INS officials

Cannot get my travel documents.

I have been in INS Custody at BCHOC for 19 months alone. I never cause any trouble with any other inmates or authorities. Since I've been here my mother had a stroke, paralized on one side. My brother is doing her daily care and she is embarrass for her boy washing her. and I'm a diabetic since I've come here. I use to be able to Control it with especial diets that they don't offer here.

I have been in the United States for 22yrs. I have never been involved in any other Criminal acts and have never missed any Courts dates.

I have 3 children: 18 yrs old 16 yrs old and 14 yrs old. Myself we have already been seperated for much too long. I know I've made mistakes that come with Consequences. Your honor please be merciful to me.

Please consider my release as a 2nd chance for me.

Thank you, Mr. Mahas, for take the time to read my letter. I hope that you can find it in your heart to release me if you need more personal information. Please contact Carlos or Jenny at the house of Correction. They will be happy to tell you anything about me.

God Bless You
Sincerely,
Marie Calixte

P.S. Please find enclosed with this letter, a few letters of reference from people, and religious leader here in prison and on the outside and also a certificate I earned in a Peer Education group.

Jim Stevens
JFK Federal Building
Room 1775
15 New Sudbury St.
Boston, MA 02203
A 37 322 672

December 16, 2003

Dear Mr. Stevens,
 My name is Marie Caliste, currently I am in the custody of the Bristol County Sheriff's office in No. Dartmouth, MA as a detainee for INS. I am a citizen of Haiti and I am facing deportation as a result of a 14 month sentence
 I fought my case for one year. On March 20, 2003 I received my final deportation and agreed to get deported.
 I have served eleven months at MCI Framingham before coming to BHOC. It has been two and a half years since I have been incarcerated. What I am seeking from you today Mr. Stevens is my release. It has been eight months since my final order of removal and INS officials can not get my travel documents.
 I have been in the United States for twenty-one years. I have never been involved in any other criminal acts and have never missed any of my court dates.
 I have three children: eighteen years old, sixteen years old, and fourteen years old. I feel we have already been separated too long. I

Mr. Stevens please be merciful to me. Please consider my release.

Thank you, Mr. Stevens, for taking the time to read my letter. I hope that you can find it in your heart to release me.

God Bless You

Sincerely,

Marie Caliste

P.S. Please find enclosed with this letter, two letters of reference from religious leaders here in prison. Also, a certificate I had earned in a Peer Education Group.

Bruce Chadbourne                          A37322672
JFK Federal Building
15 New Sudbury st
Boston, MA. 02203

                                          October 10, 2003

Dear Mr. Chadbourne

            My name is Marie Calixte. currently
I am in the custody of the Bristol County Sherriff
Office. N. Dartmouth, MA as a detainee for
INS. I am a citizen of Haiti and I am facing
deportation as a result of a 14 months sentence.
            I fought my case for one year.
On March 20, 2003 I recieved my final deportatio
and agreed to get deported.
            Sir I have been detained for 18 mo
I served 11 months at MCI Framingham. what
I am seeking from you Sir today is my release
it has already been 8 months since my final
order of removal and INS can not get my trave
document. This was three years ago *It has been 2 1/2 years since I have been
incarcerated* or only so
mind charges. Sir Before that I have never beer
involved in any other criminal charges and neve
missed a court date.
            I have been in the United State f
21 years. Sir I have three children 15 years old

16 years old and 14 years old. We have already been separated since 1987. It has been very difficult for myself and my children especially for my children

Sir I do realize that I have made a mistake, mistakes that come with consequences; but do you feel that justice will be served by imposing a life sentence? That is what I will be serving if I am forced to stay in jail any longer it has already been 18 months that I have been away from my family. I miss my family dearly and they miss me too. There is nothing that I can do for my family being in jail. Mr. Chadbourne please be merciful to me. Please consider my release

Thank you Mr Chadbourne
for taking the time to
read my letter. I hope
that you can find it in
your heart to release me

God Bless you

Sincerely
Marie. Calixte

*Exhibit 1*

U.S. Department of Homeland Security
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division

JFK Federal Building
Government Center
Boston, MA 02203

CALIXTE, MARIE    A37322672
C/O BRISTOL COUNTY HOFC

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native and citizen of Haiti who entered the United States on April 17, 1982 as an immigrant. On March 20, 2003, you were ordered removed from the United States by an Immigration Judge.

Subsequent to receipt of you final order of removal ICE has been making attempts to repatriate you by requesting the Government of Haiti to approve your case for final removals. The Government of Haiti regularly approves cases for removal and there is no indication at this time that your case will not be approved.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 01-01-2004, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____

Bruce E. Chadbourne
Interim Field Office Director

12-12-03
Date

**TO BE SERVED AFTER THE 90 DAY POCR REVIEW IN THE CASE OF AN ALIEN WHOSE REMOVAL WILL BE EFFECTED IN THE FORESEEABLE FUTURE OR FOR IN THE CASE OF AN ARRIVING ALIEN. JUSTIFICATION THAT ALIEN IS A THREAT/FLIGHT RISK MUST BE INCLUDED IN ORDER TO CONTINUE DETENTION.**

**St. Polycarp Rectory**                    (617) 625-3322

100 TEMPLE ST. - SOMERVILLE, MASS. 02145

2:00 pm

March 9, 1998

To whom it May concern.

This is to certify that
Marie M. Calixte
has been attending Mass
at St Polycarp on Sunday
and weekdays.

Robert M. Doyle

pastor

She was faithful in bring
her children with her wh
they lived with her.

(617) 436-3590

# Saint Matthew Parish

33 STANTON STREET • DORCHESTER, MASSACHUSETTS 02124

To:    Whom it may concern
From:  Msgr. Smith Jeannot
Date:  11/20/99
Re:    Attestation

I attest that Ms. Marie Calixte had been a parishioner of St. Matthew for a year. She participates faithfully in all church activities and is now a member of our choir.

Please do not hesitate to contact me at (617) 436-3590 should you have any questions.

Sincerely yours,

Rev. Msgr. Smith Jeannot
Pastor

**Grace Gospel Church**
**271 Sharps Lot Road**
**Swansea, MA 02777**
**508-675-7844**



---

*Pastor Gerard Martel*                                    *-- Senior Pastor*

---

September 25, 2003


Derege Demissie
Attorneys at Law
494 Massachusetts Avenue/Suite 3
Cambridge, MA 02139

To Whom Concerned:

I am writing this letter in support of one of your clients, Maria Calixte. I've come to know Maria in my capacity as the Women's Protestant Chaplain for the Dartmouth House of Corrections, in Dartmouth, MA. I serve in this ministry through my Church, Grace Gospel Church, Swansea, MA, who is contracted with the Bristol County Sheriff's Department to provide Protestant Religious Services for all correctional facilities in Bristol County.

Maria has been faithfully attending our Bible Studies four times per week, and she is truly a spiritual leader among the women. She not only receives the Word of God into her heart, but she exercises it in her daily living. She provides sound spiritual guidance and counsel to the other inmates who are not as grounded in their faith as she is. Because of Maria's example, others are able to rise above their circumstances, to change their lives, and to look forward to the future with hope and expectation.

Any consideration and help that you can offer Maria would be greatly appreciated. I personally believe that she is a woman who is walking with God, that she will continue to be a positive influence on those around her, and that she will be a great contributor to society. Please contact me if I can be of any further assistance.

Sincerely,

Janet Mulford
Women's Chaplain
Dartmouth House of Corrections

September 23, 2003

To Whom It May Concern:

I have had the pleasure of meeting Marie Calitte during her stay at the Dartmouth House of Correction — Women Center for over eight months.

During this time she has been an example of a woman with great discipline in coming to classes and helping others to do the same.

Her positive attitude and in respecting authority reveals her character, integrity and humility for herself and others.

I have ask of her to be a leader in some of the classes. Marie's sensitivity to others around her brings encouragement to those in need.

I am honored to meet a woman whose faith is not just words, but have become her actions. Her talk is Marie's walk!

Sincerely,
Joan Nadeau
Instructor / Religious Service

# Certificate of Completion

This document certifies that

## Marie M. Calixte

Has successfully completed the HIV,
STD, and Hepatitis C Peer Education
Program

August 2003

Bristol County Sheriff's Office

_Mary G. Kennelly_
**Facilitator**

_[signature]_
**HIV Coordinator**

