UNITED STATES DISTRICT COURT OF MASS.
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE M. CALIXTE, )<br><br>         Petitioner )<br><br>         v.      )<br><br>JOHN ASHCROFT, ET AL. )<br><br>         Respondents ) | 2004 APR -5 P 3: 21<br><br>Civil Action No.<br>04cv10457-MLW<br>CLERK'S OFFICE |

## RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### SUMMARY CASE STATEMENT

Petitioner is a native and citizen of Haiti presently detained by respondent Bureau of Immigration and Customs Enforcement ("respondent", "ICE")[1] pending execution of her final order of removal. Her petition to this Court asserts prolonged post-order detention in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

Petitioner does not challenge the validity or enforceability of her final order of removal, but rather asserts that she "has the right to be free from indefinite detention", Petition, p.8, but that "[respondent] BICE has offered no evidence to suggest that repatriation in petitioner's individual case is reasonably

---

[1] As of a DHS restructuring effective June 9, 2003, the responsive successor official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

foreseeable now." Petition, p.9. However, petitioner's removal has now been scheduled for **May 10, 2004**, on a special U.S. government flight ("JPATS" flight) to Haiti.

Petitioner, because she is a criminal alien, can be removed to Haiti only on such a flight, and not on a commercial flight. Since the recent unrest in Haiti, JPATS flights have been waiting for clearance from the Haitian authorities to resume. JPATS flights have been scheduled and then cancelled when no clearance has been issued, although some commercial air traffic has resumed to Haiti. It is unknown at present exactly when such clearance for JPATS flight will be granted and such flights will resume.

Although it is distinctly possible that her JPATS flight will be cancelled if flight clearance is not received by the flight date, petitioner is now scheduled for removal to Haiti on **May 10, 2004.** Respondent's position is that the long-established routine of JPATS flights into Haiti is expected to resume, and that therefore petitioner's removal while not certain in terms of time or date is now "reasonably foreseeable" as required by the Supreme Court in Zadvydas, and the case should be dismissed for failure to state a claim upon which relief may be granted.

**ARGUMENT**

I.   BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON
     **MAY 10, 2004,** THE PETITION FAILS TO STATE A CLAIM UPON WHICH
     RELIEF MAY BE GRANTED.

Petitioner challenges no aspect of her order of removal, nor the enforceability of it.  Rather, she files this habeas corpus action "to remedy her unlawful detention". Petition, p. 1.

However, because petitioner's removal is now scheduled for **May 10, 2004**, petitioner fails to state a colorable claim of unlawful detention. The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505.  The Court further held:

> After this 6-month period, once the alien provides good
> reason to believe that there is no significant
> likelihood of removal in the reasonably foreseeable
> future, the Government must respond with evidence
> sufficient to rebut that showing. And for detention to
> remain reasonable, as the period of prior post-removal
> confinement grows, what counts as the "reasonably
> foreseeable future" conversely would have to shrink.
> This 6-month presumption, of course, does not mean that
> every alien not removed must be released after six
> months.  To the contrary, an alien may be held in
> confinement until it has been determined that there is
> no significant likelihood of removal in the reasonably
> foreseeable future.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order

3

detention must have elapsed before the filing of a habeas
petition, and that, "in order to state a claim under Zadvydas the
alien not only must show post-removal order detention in excess
of six months but also must provide evidence of a good reason to
believe that there is no significant likelihood of removal in the
reasonably foreseeable future." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116, 1118 (W.D. Wash.
2002), even where post-order detention had exceeded six months,
the district court explained that:

> The mere fact that six months has passed since
> petitioner was taken into INS custody does not satisfy
> his burden.  While an alien's detention will no longer
> be presumed to be reasonable after six months, there is
> nothing in Zadvydas which suggests that the Court must
> or even should assume that any detention exceeding that
> length of time is unreasonable.  Rather, the passage of
> time is simply the first step in the analysis.
> Petitioner must then provide "good reason to believe
> that there is no significant likelihood of removal in
> the reasonably foreseeable future."

In the instant case, the JPATS flights for removal of
criminal aliens into Haiti were the routine and required process
for removal of such aliens.  The recent political unrest and
security environment in Haiti has had the consequence of delaying
resumption of the JPATS fights.  It is expected that such flights
will resume, but there is no certainty as to when. Accordingly,
it is respondent's position that while petitioner's removal is
not certain in terms of time or date -- though petitioner's
flight is in fact scheduled, albeit conditionally upon necessary

4

clearance -- there is a "significant likelihood of removal in the reasonably foreseeable future", and the petition fails to state a claim upon which relief may be granted.

Respondent also hereby provides the Court advance notice of petitioner's deportation scheduled for **May 10, 2004,** or such reasonably foreseeable date thereafter should the May 10, 2004, flight be cancelled.

## CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on April 5, 2004.

_____

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114